IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| TRANSOBTURATOR SLING PRODUCTS | * | 4:08-MD-2004 (CDL) |
| LIABILITY LITIGATION | * | ALL CASES |
| | * | |

ORDER

The bellwether trial scheduled for July 8, 2013, *Riley v. Mentor,* Civil Action No. 4:11-cv-5075, is cancelled based on the parties' representation that they have settled the case. The bellwether trial scheduled for June 3, 2013, *Morey v. Mentor*, Civil Action No. 4:11-cv-5065, remains on the calendar.

A status conference has been scheduled for July 16, 2013 beginning at 9:30 A.M. at the United States Courthouse in Columbus, Georgia. The purpose of the status conference is to determine how to proceed after the *Morey* bellwether trial. Plaintiffs' Liaison Counsel, Plaintiffs' Co-Lead Counsel, and Defendant's Counsel shall appear in person at that status conference. Mr. Jerry A. Buchanan, who has been appointed as Settlement Special Master in this MDL regarding litigation expense claims and who has previously acted as mediator in the resolution of Phase I cases, shall also attend. The Clerk shall send a copy of this Order to Mr. Buchanan. All other counsel of

record are invited to attend in person, and only counsel who are present in the courtroom shall be heard. Any other counsel of record may listen to the proceedings by calling in as follows:

    Dial 1-888-684-8852.

    At the prompt, enter Participant Access Code: 8469390.

    When prompted, enter Security Code: 071613.

    Call chambers at 706-649-7812 if you have questions.

Any counsel, other than liaison counsel, co-lead counsel or Defendant's counsel, intending to attend in person or via telephone shall notify the Court in writing on or before July 9, 2013 by filing a notice via CM/ECF in the master case and indicating whether counsel intends to attend live or by telephone. This notification will allow the Court to make proper arrangements for a large crowd if necessary and have a record of those who attend or listen to the conference.

    As of the date of the status conference, counsel will have substantial information regarding the MDL proceeding to evaluate plans for going forward with the approximately two hundred forty cases that remain pending. One bellwether trial will hopefully have been completed. Another bellwether trial, which included multiple plaintiffs, has been partially completed, settling mid-trial. Over fifty other cases have been settled. The Court has issued numerous orders on statute of limitations, *Daubert*, summary judgment, causation, motions in limine, and other

2

issues. These orders should give counsel a good indication of how these issues will be decided in all of the cases. Based on the previous settlements, the bellwether trials, and the Court's prior orders, the parties and counsel should have sufficient data to evaluate the appropriate path forward so that the remaining cases can move toward a more expeditious resolution, either through a global-type settlement, additional trials, individual settlements, or the transfer of cases back to the transferor districts for trial upon the completion of pretrial proceedings.

Although the Court will be influenced by counsel's suggestions at the status conference, the following issues should be considered:

1. What is the best way to get these proceedings in a posture to determine whether a "global settlement" is feasible?

2. If a global settlement is not feasible, then consideration needs to be given to the following issues:

   a. Is the current "bellwether" approach still the best way to manage the litigation?

   b. Do we need to schedule trials either with *Lexecon* waivers or with the undersigned possibly

      traveling to other jurisdictions to try the cases?

    c. Are the parties amenable to some type of settlement in which mini-trials would be conducted with possible "summary evidence," no appeal, and "high-low agreements" as an inducement to forego a full blown trial.

    d. How can we consolidate some of the cases for trial so that we have multiple plaintiffs rather than single plaintiff trials?

    e. Development of a more expedited method for finishing discovery and pretrial proceedings so cases can be sent back to transferor courts for trial if necessary.

By listing these issues for consideration, the Court does not intend to limit discussion at the status conference. The Court's goal is to reevaluate the status of the MDL to determine the best way to accomplish the purpose for which these cases were consolidated for MDL treatment. Accomplishing that goal may require minor refinement to the present plan, or it may require new direction. Counsel should be prepared to discuss these issues at the status conference and provide the Court with specific suggestions. We should leave the status conference with a definite plan for moving forward.

IT IS SO ORDERED, this 23rd day of May, 2013.

                                              S/Clay D. Land
                                                    CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE