IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:12-cv-238 (D. ESCALERA) |

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Debra Escalera was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Escalera brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Escalera also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on several of Escalera's claims. For the reasons set forth below, Mentor's Motion for Partial Summary Judgment (ECF No. 38 in 4:12-cv-238) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Escalera, the record reveals the following. Escalera is a California resident, and all of her medical treatment relevant to this action occurred in California. In 2004, Escalera saw Dr. Eric Shepard for treatment of stress urinary incontinence and decided to undergo a mesh implant surgery. Dr. Shepard implanted ObTape in Escalera on September 25, 2004. Escalera's ObTape was later removed in 2011. Escalera contends that she suffered various injuries caused by ObTape.

Escalera filed her Complaint on September 11, 2012. *See generally* Compl., ECF No. 1 in 4:12-cv-238. Escalera brought claims for personal injury under a variety of theories, including negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of implied and express warranties, fraudulent

2

misrepresentation, fraudulent concealment, and negligent misrepresentation. Mentor seeks summary judgment on her claims for strict liability design defect, strict liability manufacturing defect, and breach of implied and express warranty. Escalera does not contest summary judgment on her claims for strict liability design defect, strict liability manufacturing defect, and breach of implied warranties. Summary judgment is therefore granted as to those claims. The only remaining question raised by Mentor's partial summary judgment motion is whether Escalera's breach of express warranty claim survives summary judgment.

## DISCUSSION

Escalera filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The parties agree that California law applies to Escalera's claims because Escalera is a California resident and all of her medical treatment relevant to this action occurred in California.

Escalera asserts a breach of express warranty claim based on Mentor's alleged failure to warn of ObTape's "dangerous side effects." *See* Compl. ¶¶ 69, 74 (alleging that Mentor warranted

that ObTape "did not produce any dangerous side effects" even though it did).   Mentor contends that Escalera's breach of express warranty claim fails because she did not notify Mentor of the alleged breach before filing her lawsuit.   California's commercial code requires a buyer to notify the seller of breach within a reasonable time after discovering the breach; if such notice is not given, the buyer is "barred from any remedy." Cal. Com. Code § 2607(3)(A).

Escalera argues that the seminal case of *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57 (1963) stands for the proposition that the warranty notice requirement does not exist for "remote buyer" breach of warranty claims.   But what *Greenman* really did was adopt the doctrine of strict liability and conclude that the procedural requirements of a warranty claim cannot defeat strict products liability in tort.   *Id*. at 61-62 (explaining that strict liability in tort is not based on the law of contract warranties).   Escalera did not point the Court to any authority that California's adoption of strict liability in tort removes the warranty notice requirement for a plaintiff attempting to proceed under a *contract* theory of recovery.   In the absence of such authority, the Court concludes that Escalera's breach of express warranty claim fails for failure to provide the required statutory notice, and summary judgment is therefore granted on her breach of express warranty claim.   As a

4

practical matter, Escalera's breach of express warranty claim appears to be nearly identical to her strict liability failure to warn claim, and Mentor did not move for summary judgment on that claim.

CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment (ECF No. 38 in 4:12-cv-238) is granted. Only the following claims remain pending for trial: negligence, strict liability failure to warn, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this sixteenth day of September, 2015.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

5